**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KEITH A. WILLIAMS** **PLAINTIFF**

**v.** **No. 4:25CV00041**

**UNITED STATES**
**JOINT CONGRESSIONAL**
**COMMITTEE ON INAUGURAL**
**CEREMONIES, DONALD J. TRUMP** **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

The Court granted Keith Williams leave to file his second amended complaint in this action on June 12, 2025, and Williams served defendants in March 2026. *See* Motion to Amend, Doc. No. 12; Notice of Filing, Doc. No. 46. In his second amended complaint, Williams purports to seek injunctive relief and damages related to his claims that the JCCIC violated the Constitution by allowing Trump to take the oath of office, and that Trump acted unlawfully in executing Executive Orders 14151 and 14148. *See* Motion to Amend, Doc. No. 12. Because Williams does not allege any injury he suffered based on these claims, he lacks standing to pursue this complaint and it must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Even if Williams can establish standing, which he cannot, defendants are entitled to sovereign immunity, so the complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Additionally, Williams's complaint fails to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if it lacks subject matter jurisdiction. Before reaching the merits, a court must determine whether jurisdiction exists, including a determination of whether a plaintiff has standing. *Ashley v. United States Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005). A plaintiff's standing to maintain his lawsuit is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must: (1) have suffered an injury in fact, (2) establish a causal relationship between the contested conduct and the alleged injury; and (3) show that a favorable decision would redress the injury. *Id.* at 560-61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 560 (internal citations omitted). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573-74. To demonstrate injury in fact, a plaintiff must have "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

In his complaint, plaintiff asserts that the JCCIC violated the Constitution by allowing Trump to take the oath of office for various reasons, including that he was

impeached, that he was an insurrectionist, and that he has a history of felony convictions. He also claims that Trump himself acted in violation of the Constitution in issuing Executive Order 14151 and Executive Order 14148. Williams identifies himself as a veteran who is over sixty-five years old and a recipient of Medicare and Medicaid. *See* Motion to Amend, Doc. No. 12, at 18. However, he does not allege any injury or damages he has suffered, nor has he alleged how Trump taking the oath of office as President or issuing the executive orders has caused any harm to him (or anyone else). He merely alleges that he and the class of people like him have suffered irreparable harm. This alleged injury is neither concrete nor particularized as required by Article III. *See Lujan*, 504 U.S. at 560; *see also Page v. Trump*, Civil Action No. 25-18 (TJK), 2025 WL 105685 (D. D.C. Jan. 15, 2025). Indeed, other courts have dismissed similar lawsuits seeking to disqualify Trump from holding office for lack of standing. See Brothers v. Trump, No. CIV-25-00166-JD, 2025 WL 699935 (W.D. Okla. Mar. 4, 2025) (collecting cases). Based on the complaint, Williams does not allege an injury in fact to him, much less any injury caused by the alleged actions of defendants, so he lacks standing and his complaint must be dismissed for lack of subject matter jurisdiction.

Even if Williams could establish standing, which he cannot, this court lacks subject matter jurisdiction based on sovereign immunity. In his complaint, Williams asserts constitutional claims against a Congressional committee and President Trump in his official capacity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A suit against a federal government official in his official capacity is a suit against the United States. *See*

*Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Claims against federal officials in their official capacity are barred by the doctrine of sovereign immunity, unless Congress has expressed an unequivocal waiver. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). If sovereign immunity is applicable, the court lacks subject matter jurisdiction. *Roth v. United States*, 476 Fed. App'x 95 (8th Cir. 2012). It is well-settled that a constitutional claims cannot be prosecuted against the United States and its agencies because of sovereign immunity. *Buford*, 160 F.3d at 1203. Plaintiff's constitutional claims against Trump and the JCCIC are barred by sovereign immunity; therefore, they must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Even if Williams could establish subject matter jurisdiction, which he cannot, his second amended complaint must be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff. *Northstar Indus. Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 932 (8th Cir. 2009). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Id.* at 832 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* plaintiff's allegations must be construed liberally, but

"they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In *Iqbal*, the Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* The allegations must be such that they "raise a right to relief above the speculative level." *Id.* Here, plaintiff's rambling complaint references constitutional violations, negligence per se, and various cases and statutes, but it utterly fails to allege any facts that form the basis for relief under the law. Therefore, plaintiff's complaint must be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
Tel. (501) 340-2600
jamie.dempsey@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 13th day of May, 2026, to the following:

Keith A. Williams
216 Johnson St.
Little Rock, AR 72205

Jamie Goss Dempsey
Assistant U.S. Attorney