UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

KEITH ALLEN WILLIAMS,

Plaintiff,

v. Case No.: 4:25-cv-00041-LPR

Hon. Lee P. Rudofsky

UNITED STATES JOINT CONGRESSIONAL COMMITTEE ON INAUGURAL CEREMONIES, et al., and DONALD J. TRUMP, 47th President of the United States of America, et al.,

Defendants.

_______________________________________________/

**PLAINTIFF'S SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Keith Allen Williams, appearing pro se, respectfully submits this Sur-Reply Brief to address novel legal arguments raised in Defendants' Reply Brief regarding the availability of universal remedies under the Administrative Procedure Act (APA) and the scope of Executive authority.

## ARGUMENT

**I. The Clear Text of the Administrative Procedure Act Mandates Setting Aside Unconstitutional Agency Action Universally**

Defendants' assertion that Trump v. CASA, Inc., 145 S. Ct. 2111 (2025) strips this Court of power to grant relief beyond the individual boundaries of the named Plaintiff fundamentally misconstrues the distinction between equitable injunctions and statutory vacatur.

While CASA, Inc. reaffirmed limits on nationwide equitable injunctions under Rule 65, it did not alter the text of 5 U.S.C. § 706(2)(A). When a federal agency action is found to be 'not in accordance with law' or in violation of constitutional separation of powers, the statutory mandate requires the court to 'set aside' the unlawful agency action. As the Fifth Circuit observed in Texas v. United States, 809 F.3d 134, 163 (5th Cir. 2015), the default remedy under the APA is the wholesale invalidation of the rule. When a rule is set aside, it is made void across its entire scope of enforcement. This is a matter of statutory decree, not broad judicial overreach. This Court maintains complete federal question jurisdiction under 28 U.S.C. § 1331 to award the full measure of relief.

**II. Executive Directives Cannot Defeat Article I Separation of Powers or Displace Congressional Spending Mandates**

Defendants argue that Executive Orders 14151 and 14148 are valid exercises of executive control over federal programs. However, when an executive order changes the operational rules of a program funded explicitly by Congress, it directly threatens the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7. The President cannot use executive orders to unilaterally construct restrictions or conditions on funds that Congress explicitly appropriated for housing assistance.

Furthermore, as recognized in Chicago Women in Trades v. U.S. Department of Labor (D.D.C. 2025) and National Association of Diversity Officers in Higher Education v. Trump (4th Cir. 2026), executive efforts to bypass statutory administrative boundaries fail under an 'as-applied' challenge when a citizen demonstrates an immediate, active loss of opportunity or benefit due to agency compliance. In this case, the enforcement of these directives directly triggered a localized collapse of housing administration infrastructure across central Arkansas. The strict

compliance measures forced disruptions in federal grant funding from the People Trust Housing Program, threw the PCHA waiting lists into total programmatic freeze, and caused the complete federal dissolution and takeover of the Metropolitan Housing Alliance board. Because standing is established, the administrative changes must be set aside.

Dated: September 14, 2026

Respectfully submitted,

By: Keith Allen Williams

Keith Allen Williams, Plaintiff pro se

216 Johnson Street
Little Rock, Arkansas
72205
(404) 902-2118
KeithWilliams1957@aol.com